IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DANYEAL JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:21-cv-155 |
| | § | |
| TEXAS DISPOSAL SYSTEMS, INC. | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

## COMPLAINT

Plaintiff, DANYEAL JONES, files this Complaint and Jury Demand against Defendant TEXAS DISPOSAL SYSTEMS, INC., alleging willful violation of the Texas Commission on Human Rights Act, 42 U.S.C. Sec. 1981, and the Family and Medical Leave Act. For causes of action, Plaintiff would show the Court as follows:

## I.

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff  DANYEAL JONES is a resident of Bastrop County, Texas.

2.      Defendant TEXAS DISPOSAL SYSTEMS, INC. is an entity which can be served with Citation through its Registered Agent, Bob E. Gregory, 12200 Carl Road, Austin, Texas, 78747. This Court has jurisdiction to hear the merits of Mr. Jones' claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a).

3.      Venue is proper in this district and division under 42 U.S.C. §12117(a) (incorporating 42 U.S.C. §2000e-5(f)(3)) and 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in Travis County, Texas.

4.      Mr. Jones filed a complaint with the EEOC on April 23, 2019, which was cross-filed with the Texas Workforce Commission Civil Rights Division.  It was filed within 180

1

days of his termination in April 2019. This lawsuit was filed on February 12, 2021, within two years of the date Mr. Garner's complaint was cross-filed with the Texas Workforce Commission Civil Rights Division.  No right to sue notice is needed for claims brought under the Texas Commission on Human Rights Act. No exhaustion of administrative remedies is required for claims brought under the Family and Medical Leave Act or 42 U.S.C. Sec. 1981.

## II.

### FACTUAL BACKGROUND

5.     Mr. Jones was hired by the Defendant in November 2017 as a Rock Crusher Operator/Equipment Operator. He is African-American.

6.     Approximately three months after Mr. Jones was hired, he was assigned a new supervisor named Dalus Brown. Shortly after Mr. Brown became Mr. Jones' supervisor, he began using racial slurs on the job site. On one occasion, when there was a raccoon on the job site, he told Mr. Jones "I hear that niggers eat racoons." Other racial comments Mr. Brown made included calling Mr. Jones "coon ass," "coon," and "Magilla gorilla." He would also use the word "nigger," saying things like "I don't really know anything about the south and stuff and about nigger stuff or whatever."

7.     Mr. Jones reported the racial slurs to Paul Gregory, the owner of Texas Disposal Systems, during a meeting with Mr. Gregory and Mr. Brown on November 30, 2018.  Mr. Brown's response during the meeting was:  "oh I call everybody names."

8.     Approximately two weeks prior to meeting with Mr. Gregory regarding the racial slurs, Mr. Jones has been involved in a car accident.  Because of the accident, Mr. Jones took several days off work, but returned on or around November 27, 2018.

9.      After the meeting with Mr. Gregory and Mr. Brown, when Mr. Jones would come to the jobsite to attempt to return to work, Mr. Brown would send him home, telling him that he was not released by his doctor.

10.      Finally, Defendant required Mr. Jones to take FMLA leave because they would not allow him to work, even though he had a full release. Mr. Jones' FMLA leave was certified retroactively from the date of his accident through February 14, 2019. When Mr. Jones requested to return to work, Defendant would not allow him to. Mr. Jones contacted Defendant about returning to work on multiple occasions but was never permitted to return.

11.      On or about April 1, 2019, Mr. Jones filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, alleging that Defendant had discriminated against him based on his race and retaliated against him for reporting racial discrimination in refusing to allow him to return to work.

12.      On or about April 22, 2019, Defendant terminated Mr. Jones' employment. The reasons given for Mr. Jones's termination are a pretext for illegal discrimination based on Mr. Jones' race and perceived disability, and are retaliation for complaints of racial harassment and for taking protected leave under the Family and Medical Leave Act.

### III.

### CAUSES OF ACTION

### COUNT ONE:
### DISCRIMINATION AND RETALIATION
### UNDER 42 U.S.C. SEC. 1981

13.      The allegations contained in Paragraphs 1 through 12 are hereby incorporated by reference.

14.      42 U.S.C. §1981 prohibits race discrimination in the making and enforcing of contracts, including the making, performance, modification, and termination of contracts, and the

enjoyment of all benefits, privileges and conditions of the contractual relationship. 42 U.S.C. §1981 also prohibits employers from retaliating against employees who oppose racially discriminatory conduct.

15.     Plaintiff is a member of a protected class and was selected for unfavorable treatment by Defendant, including being terminated from his employment as a Rock Crusher Operator/Equipment Operator in April 2019. There is no legitimate non-discriminatory reason for Defendant's actions, and if such a reason is propounded, it is a pretext. Unlawful discrimination based on Plaintiff's race and retaliation against Plaintiff for opposing discrimination moved Defendant toward its decisions or was a factor that played a part in Defendant's employment decisions as to Plaintiff. The unlawful practices committed by Defendants were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## COUNT TWO
## FAMILY AND MEDICAL LEAVE ACT

16.     The Family and Medical Leave Act prohibits an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).  At all times relevant to this Complaint, Defendant was an employer covered by the FMLA.  Prior to the start of his FMLA leave, Plaintiff had been employed by Defendant for at least 12 months and had worked at least 1,250 hours during the 12 months prior to the start of his FMLA leave.   The employer is one who employs 50 or more employees within a 75-mile radius of the worksite.

17.     Plaintiff availed himself of a protected right under the FMLA and was subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendant's decision to terminate Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to terminate, and as such was a cause of Plaintiff's damages, as set forth below.

**COUNT THREE**
**DISCRIMINATION AND RETALIATION**
**ON THE BASIS OF RACE UNDER THE**
**TEXAS COMMISSION ON HUMAN RIGHTS ACT**

18.     <u>Discrimination</u>. The conduct of the Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities constitutes discrimination on the basis of race, in direct violation of §21.001, et. seq., Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that;

> "An employer commits an unlawful employment practice if...the employer...discriminates against an individual...or...classifies an employee...in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

Plaintiff's race was a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment. Plaintiff's race moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

19.     <u>Retaliation</u>. In addition, Defendant retaliated against Plaintiff for making discrimination complaints and for otherwise opposing race discrimination by the employer. See Texas Labor Code §21.055. Plaintiff's discrimination complaints were a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment.

**COUNT FOUR**
**DISCRIMINATION ON THE BASIS OF DISABILITY UNDER THE**
**TEXAS COMMISSION ON HUMAN RIGHTS ACT**

20.     Defendant violated the Texas Commission on Human Rights Act by discharging Plaintiff.; Texas Labor Code §21.001 et seq.

21.     Under the Texas Labor Code, §21.001 et seq., it is unlawful for an employer to discriminate against any individual with respect to his employment because of that individual's disability or because the employer regards the individual as a person with a disability.

22.     Defendant is an employer under the TCHRA.

23.     Plaintiff was qualified for and could perform the essential functions of his job at the time of his termination.  Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendant as a person with a disability.

24.     Plaintiff was meeting his employer's expectations.  Defendant terminated Plaintiff's employment as a direct result of his disability, his record of having a disability, and/or because Defendant regarded Plaintiff as a person with a disability.

25.     Defendant violated the TCHRA by intentionally discriminating against Plaintiff because of his disability by refusing to allow Plaintiff to work and by terminating Plaintiff's employment.  Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment.  Plaintiff's disability and/or Defendant's perception of Plaintiff as a person with a disability moved Defendant toward their decisions or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

### IV.

### DAMAGES

26.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the

contract or employment relationship, employment benefits in the past, and employment benefits in the future.

## V.

## COMPENSATORY DAMAGES

27.     Defendant intentionally engaged in an unlawful employment practice by discriminating and retaliating against Plaintiff.   Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.

## PUNITIVE DAMAGES

28.     The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.

## LIQUIDATED DAMAGES

29.     Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described in §IV, supra.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

30.     A prevailing party may recover reasonable attorneys' and experts' fees under Section 1981, the FMLA, and TCHRA. Plaintiff seeks all reasonable and necessary attorneys'

fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services,and any appeals. Plaintiff additionally brings suit for expert fees.

## IX.

## JURY DEMAND

31.    Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1.    The Court assume jurisdiction of this cause;

2.    The Court award Plaintiff damages as specified above;

3.    The Court award Plaintiff reinstatement or, in the alternative, front pay;

4.    The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5.    The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6.    The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF